In the Matter of DAVID ALLEN CASS (Admitted as D. A. CASS), an Attorney, Resignor.

Second Department, January 25, 1993

**APPEARANCES OF COUNSEL**

*Gary L. Casella,* White Plains *(Maryann Yanarella* of counsel), for the Grievance Committee for the Ninth Judicial District.

**OPINION OF THE COURT**

Per Curiam.

David Allen Cass has submitted an affidavit dated October 14, 1992, wherein he tenders his resignation as an attorney and counselor-at-law (22 NYCRR 691.9). Mr. Cass was admitted to the practice of law by the Appellate Division of the Supreme Court, Second Judicial Department, on June 29, 1988, under the name D. A. Cass.

Mr. Cass acknowledges that he is the subject of an investigation by the Grievance Committee for the Ninth Judicial District concerning allegations that he engaged in impermissible conflicts of interest, in that he consistently acted as attorney and mortgage broker in the same transactions. He concedes that he used an account with Marine Midland Bank, entitled "David Allen Cass, Special Account" for escrow purposes as well as for the general disbursement account for his law practice and for personal business purposes.

Mr. Cass indicates that he has no meritorious defense to any of the charges, that his resignation is freely and voluntarily tendered, that he is not being subject to coercion or duress, and that he is fully aware of the implications of submitting his resignation.

Mr. Cass further states that he is aware that any order issued pursuant to Judiciary Law § 90 (6-a) may direct him to make monetary restitution to any persons whose money or property was misappropriated or misapplied or to reimburse the Lawyers' Fund for Client Protection of the State of New York and acknowledges the continuing jurisdiction of the Court to make such an order. He is aware that any order issued pursuant to Judiciary Law § 90 (6-a) may be entered as a civil judgment against him and he specifically waived his right to be heard in opposition thereto.

Counsel for the Grievance Committee recommends that the Court accept the resignation. Under the circumstances, the resignation of David Allen Cass as a member of the Bar is accepted and directed to be filed. Accordingly, David Allen Cass is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., THOMPSON, SULLIVAN, BALLETTA and ROSENBLATT, JJ., concur.

Ordered that the resignation of David Allen Cass is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, David Allen Cass is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that David Allen Cass shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective

immediately, David Allen Cass is commanded to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (a), the respondent shall reimburse the Lawyers' Fund for Client Protection of the State of New York for any awards made to the persons whose money or property he willfully misappropriated or misapplied.